## CUNNINGHAM, Adm'r, *vs.* BEARD, Adm'r.

[SETTLEMENT OF ACCOUNTS IN PROBATE COURT, BETWEEN ADMINISTRATOR OF DECEASED ADMINISTRATOR IN CHIEF AND ADMINISTRATOR DE BONIS NON.]

1. *Stay of execution; when may be ordered.*—When a decree is rendered in the probate court in favor of an administrator *de bonis non* against the administrator of the deceased administrator in chief, there is no

error in staying execution for six months, for good cause shown, under section 2168 of the Revised Code.

2. *Administration, expenses of; rendition of judgment for, when not error.* A decree may be rendered in favor of the representative of a deceased administrator in chief, against the administrator *de bonis non*, for expenses necessarily incurred in settling the administration of his intestate, under section 2167 of the Revised Code, notwithstanding the latter has obtained a decree for a larger amount against the former.

APPEAL from the Probate Court of Conecuh.
Tried before Hon. A. W. JONES.

The facts are sufficiently set out in the opinion.

JUDGE & BOLLING, for appellant.
S. J. CUMMING, and P. D. PAGE, *contra.*

B. F. SAFFOLD, J.—Howard was appointed administrator of Stallworth, deceased. He died before making final settlement of his administration, and Cunningham, the appellant in this case, was appointed administrator *de bonis non.* Beard, the appellee, was appointed administrator of Howard, deceased, and as such, settled Howard's administration of Stallworth's estate. On this settlement, Cunningham, as administrator *de bonis non*, recovered a judgment against Beard, as administrator of Howard, for $6,861 68, and Beard, in his representative capacity, obtained a decree against Cunningham, in his representative capacity, for $386 28. Execution on both of these decrees was staid for six months. The decree in favor of Beard was for expenses incurred in and about the administration of Stallworth's estate, since the death of Howard.

The errors assigned are—1st, the order staying execution on the decree in favor of the appellant ; 2d, the decree in favor of the appellee against the appellant.

This settlement was made under the provisions of sections 2165, 2166 and 2167 of the Revised Code. The probate court may stay execution on any decree rendered under the said sections for any time not exceeding six months, if, in the judgment of the court, the interest of the estate requires it.—Rev. Code, § 2168. In this case, the property of Howard's estate had just been offered for sale,

and the price bid for it was so inadequate that the court refused to confirm the sale. The reason for the stay was altogether sufficient.

The decree in favor of the appellee was rendered under section 2167, and the question of error is, whether the decree in favor of the appellant ought not simply to have been reduced by the amount of the recovery against him. Stallworth's estate was liable for the expenses of its administration, whether any thing could be obtained on the decree against Howard's estate or not. The decree in favor of the appellee was a judicial ascertainment of the amount, which was necessary to be done. There was no error in rendering it.

The judgment is affirmed.